FILED

2016 JAN 29 PM 3:41

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

Melissa A. Clark, Esq.
Florida Bar No. 62465
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 113
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6729 facsimile
clarkmelissa@gmail.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALEXANDER WILD d/b/a ALEX WILD PHOTOGRAPHY,

Plaintiff,

v.

FLORIDA PEST MANAGEMENT, INC.,

Defendant.

Case No. 3:16-cv-99-J-32PDB

**COMPLAINT FOR DAMAGES**
**INJUNCTIVE RELIEF SOUGHT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, Alexander Wild, d/b/a Alex Wild Photography, for his Complaint against Florida Pest Management, Inc., Defendant, alleges as follows:

## INTRODUCTION

1. Alexander Wild d/b/a Alex Wild Photography (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the

actions of Florida Pest Management, Inc. (hereinafter "Defendant"), with regard to the unlawful use of a copyrighted images (hereinafter "Images") owned by Plaintiff, and this conduct caused Plaintiff damages.

2. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

**JURISDICTION AND VENUE**

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the defendant violated plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 101, 106, and 106A.

4. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant is a business entity incorporated in the State of Florida, Defendant's principal place of business is in the State of Florida, Defendant's acts of infringement complained of herein occurred in the State

of Florida, and Defendant has caused injury to Plaintiff in his intellectual property within the State of Florida.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) the Defendant is a resident of the State of Florida in which this judicial district is located, and because a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant committed the acts of infringement and has a regular and established place of business in the State of Florida and in this judicial district.

## PARTIES

7. Plaintiff is a natural person who resides in the City of Austin, in the State of Texas, and is a professional photographer by trade.

8. Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, and 106A.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity operating from the City of Jacksonville, in the State of Florida, and conducted business within the City of Jacksonville, in the State of Florida.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a business entity that unlawfully published Plaintiff's

copyrighted works without Plaintiff's express or implied authority, by the method of a license.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was an individual residing within the State of Texas.

12. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was a business entity residing in the State of Florida.

13. Plaintiff is a well-known insect photographer. He photographs insects and sells or licenses them to people and companies seeking to make use of the photographs for advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs he produces.

14. Plaintiff took the original images, *see* Original Images attached hereto as Exhibit A.

15. Plaintiff has ownership rights and copyrights to the Images.

16. Plaintiff has registered the Images with the United States Copyright Office under registration number VAu699-806.

17. Plaintiff did not consent to authorize, permit, or allow in any manner the use of the Images by Defendant.

18. Plaintiff is informed and believes that Defendant willfully used Plaintiff's copyrighted works without his permission and that it published, communicated, benefited through, posted, publicized and otherwise held out to the public, the original and unique work of Plaintiff without Plaintiff's consent or authority.

19. Plaintiff is informed and believes that Defendant willfully used the Images on Defendant's website from February 16, 2013 to on or around March 25, 2015, *see* Screenshots of Defendant's use attached hereto as Exhibit B.

20. Defendant willfully used the Images to promote the Defendant's website.

21. Plaintiff did not consent to the use of his Images.

**FIRST CAUSE OF ACTION**

**COPYRIGHT INFRINGEMENT**

**Title 17 of the United States Code**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

24. Plaintiff is informed and believes and thereon alleges that said Defendant willfully breached Title 17 of the U.S. Code in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

25. As a result of each and every Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits pursuant to 17 U.S.C. §504(b) or statutory damages in an amount up to $150,000.00 / $30,000.00 pursuant to 17 U.S.C. § 504.

26. As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C §505 from Defendant.

27. Plaintiff is entitled to injunctive relief to prevent further infringement of its copyrighted work pursuant to 17 U.S.C. § 502(a).

//
//
//
//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- Awarding statutory damages pursuant to 17 U.S.C. § 504(c);
- Awarding costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;
- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502(a); and
- Providing such other and further relief the Court deems just and proper under the circumstances.

Dated: January 22, 2016

Respectfully submitted,

M Clark

Melissa A. Clark, Esq.
**Trial Counsel**
Florida Bar No. 62465
HIGBEE & ASSOCIATES
1504 Brookhollow Dr, Ste 113
Santa Ana, CA 92705
(714) 617-8350
FAX (866) 534-7049
clarkmelissa@gmail.com

**DEMAND FOR JURY TRIAL**

Plaintiff, Alexander Wild d/b/a Alexander Wild Photography, hereby demands a trial by jury in the above matter.

Dated: January 22, 2016

Respectfully submitted,

Melissa A. Clark, Esq.
Florida Bar No. 62465
HIGBEE & ASSOCIATES
1504 Brookhollow Dr, Ste 113
Santa Ana, CA 92705
(714) 617-8350
FAX (866) 534-7049
clarkmelissa@gmail.com